UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

    - v. -                         :    **NOTICE OF MOTION**

**BEVERLY WILLIAMS**               :    **07 Cr. 257 (SAS)**

    Defendant.                     :

- - - - - - - - - - - - - - - - - x

    **PLEASE TAKE NOTICE**, that the undersigned hereby moves this Court, before the Honorable Shira Scheindlin, United States District Judge for the Southern District of New York, 500 Pearl Street, New York, New York, for an order dismissing that portion of the Indictment barred by the statute of limitations, pursuant to 18 U.S.C. § 3282 and Rule 12 of the Federal Rules of Criminal Procedure, and granting such other and further relief as this Court deems just and proper.

Dated:  New York, New York
       January 17, 2008

                              Respectfully submitted,

By: _____
      Patrick J. Joyce, ESQ.
      Attorney for Defendant
      **Beverly Williams**
      70 Lafayette Street- 2nd Floor
      New York, New York  10013
      Tel.: (212) 285-2299

TO:
    **MICHAEL J. GARCIA, ESQ.**
    United States Attorney
    Southern District of New York
    One St. Andrew's Plaza
    New York, New York 10007
    Attn: Jenna Dabbs, Esq.
        Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA             :      **07 Cr. 524 (SAS)**

    - v. -                               :

**Beverly Williams,**                    :

        Defendant.                   :

- - - - - - - - - - - - - - - - - x

**DEFENDANT BEVERLY WILLIAMS' MOTION AND MEMORANDUM IN SUPPORT THEREOF TO DISMISS THE INDICTMENT IN PART**

The defendant, Beverly Williams, hereby moves under 18 U.S.C. § 3282 and Rule 12 of the Federal Rules of Criminal Procedure to dismiss the portion of the Indictment that is untimely. A substantial portion of the charged conduct falls outside of the applicable five-year statute of limitations, and therefore, that portion of the indictment should be dismissed.[1]

**STATEMENT OF FACTS**

Mr. Williams is charged in a one-count Indictment dated April 4 2007, with fraudulently inducing the United States Government into providing financial assistance. This crime was

---

[1] The governing statute of limitations provides that "no person shall be prosecuted for any offense . . . unless the indictment is found . . . within five years next after such offense shall have been committed." 18 U.S.C. § 3282.

allegedly accomplished by M. Williams signing forms, on an annual basis, which falsely reported the income she had received in the previous calendar year.  <u>See</u> Indictment, attached as Exhibit A. Mr. Williams has entered a plea of not guilty.

From 1999 until 2005 Ms. Williams applied to the United States Department of Housing and Urban Development (HUD) for financial assistance.  Ms. Williams submitted this request by providing information regarding her personal financial situation. She submitted this information in writing.  These submissions were done on an annual basis.  This application required Ms. Williams to provide data regarding her employment status and the amount of income derived from her employment.  Ms. Williams was required to attest, under penalty of prosecution, to the accuracy of the affidavits she signed.  The Government contends that Ms. Williams under-reported her income on these forms, in an attempt to fraudulently induce the Government to provide her with financial assistance.  The deceit and fraud as alleged in the indictment occurred when Ms. Williams signed and submitted these HUD applications.

**ARGUMENT**

<u>**The violation of 18 U.S.C. § 641 charged in the Indictment is a non-continuing offense; therefore any conduct charged beyond the five-year statute of limitations is barred.**</u>

The pertinent statute of limitations allows criminal prose-

cution for only five years following the completion of a criminal act. 18 U.S.C. § 3282. The only exception to this time bar is if the offense is "continuing," i.e., if it "involves a prolonged course of conduct; its commission is not complete until the conduct has run its course." United States v. Rivera-Ventura, 72 F.3d 277, 281 (2d Cir. 1995) (internal citations omitted).

The Supreme Court has held that the doctrine of continuing offenses is a narrow exception to the statute of limitations that should only be applied if "the explicit language of the substantive criminal statute compels such a conclusion, or the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one." Toussie v. United States, 297 U.S. 112, 115 (1970). The substantive criminal statute at issue here, 18 U.S.C. § 641, does not meet this standard. Section 641 contains no language indicating that it is a continuing offense, nor is there clear Congressional intent that it be so treated.[2]

In order to determine Congressional intent, courts are to consider whether the criminalized acts "clearly contemplate a

---

[2] 18 U.S.C. § 641 states, in pertinent part, "whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another...money, or thing of value of the United States or any department or agency .... or Whoever receives, conceals or retains the same with intent to convert it to his use or gain, knowing it to have been embezzled, stolen, purloined or converted, shall be fined under this title, or imprisoned not more than ten years, or both."

prolonged course of conduct" or a single act that may have continuing effects. Toussie, 297 U.S. at 120. Nothing in the nature of fraudulently obtaining a federal subsidy compels the conclusion that Congress meant it to be a continuing offense. It is not inherently a prolonged course of conduct, but, rather, one that can be committed through a single act or multiple repetitions of that act. The offense of inducing HUD to make fraudulently induced payments is complete as soon as the affidavits are signed and submitted.

Indeed, the allegations at issue here demonstrate the non-continuous nature: Mr. Williams is alleged to have affirmatively filled out and filed mandatory annual affidavits concerning her income level. See Sample Affidavit, Exhibit B. Had any one affidavit not been filed, the funds from HUD would have been curtailed. Each annual signing completed the elements of the alleged crime and constitutes a separate offense. Each time an affidavit was filed the offense was complete. Such discrete conduct stands in contrast to schemes in which checks are automatically received with no action required by the defendant to cause them to be received. See United States v. Smith, 373 F.3d 561, 568 (4th Cir. 2004) (differentiating between schemes that "establish a mechanism for the automatic and continuous receipt of funds for an indefinite period" and those that require "a series of acts that occur over a period of time," categorizing

the former as a continuous offense and the later as non-continuous). This is unlike theft schemes where, for example, a single filing of a fraudulent Social Security Disability form or a passive failure to notify the agency of a changed circumstance, sets into motion an indefinite receipt of Social Security Disability checks, which would be a "continuing offense." Id. Here, an affirmative act was required annually in order for the funds to be paid, and thus, for the theft to occur. This is a non-continuing offense.

The Second Circuit has considered whether Section 641 is a continuing offense, and it has held it is not. In United States v. Silkowski, the defendant fraudulently collected his wife and daughter's Social Security benefits after they no longer resided with her. 32 F.3d 682, 690 (2d Cir. 1994). The Circuit concluded that, under Section 641, the only prosecutable conduct was that going back five years from the date of the charging document. Indeed, the government conceded in Silkowski that Section 641 is not a continuing offense. See also United States v. Yashar, 166 F.3d 873 (7th Cir. 1999)(finding that 18 U.S.C. § 666, making it a crime for any agent of a government agency to embezzle, steal, obtain by fraud, or otherwise without authority knowingly convert any property belonging to the governmental agency, is not a continuing offense). Since there is no clear indication that Congress intended Section 664 to define a contin-

uing offense, the statute of limitations began to run at the time of each discrete signing occurred.

The instant Indictment, which was filed on April 4, 2007, alleges fraudulent theft from February 1999 to June 2005. Because Mr. Williams was required by HUD to file an annual income statement and payment of the funds would have ceased absent that discreet event, the statute of limitations begins to run from each filing of an affidavit. Accordingly, only funds allegedly paid due to affidavits filed after April 4, 2002, are susceptible to prosecution, and that portion of the indictment alleging theft from February 1999 to April 4, 2002, should be dismissed.

## CONCLUSION

**WHEREFORE**, it is respectfully requested that this Court enter an order dismissing the untimely portions of the Indictment, and granting such other relief as the Court deems just and proper.

Dated:   New York, New York
         January 17, 2008

_____
Patrick J. Joyce

*denials: inc #106 / 12/3/03*
*# 99     8/2/02*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**07 CRIM.   257**

- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

BEVERLY WILLIAMS,

          Defendant.

: INDICTMENT
: 07 Cr.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: APR 0 4 2007

- - - - - - - - - - - - - - - - - x

JUDGE SCHEINDLIN

COUNT ONE

The Grand Jury charges:

1. From in or about February 1999, through in or about June 2005, in the Southern District of New York and elsewhere, BEVERLY WILLIAMS, the defendant, unlawfully, willfully and knowingly, did embezzle, steal, purloin, and convert to her own use money and things of value of the United States and a department and agency thereof, to wit, the United States Department of Housing and Urban Development, and did receive, conceal, and retain the same with intent to convert it to her own use and gain, knowing it to have been embezzled, stolen, purloined and converted, the value of which exceeded $1,000, to wit, WILLIAMS received approximately $43,594.64 in federal housing subsidies, to which she was not entitled, through fraud and deceit.

(Title 18, United States Code, Section 641.)

_____
FOREPERSON

_____
MICHAEL J. GARCIA
United States Attorney

*#96 pt time*

*bates #58  — employer info*
*#80/day 3x wk*

*#125  1999 w-2  Bkgn. Hosp. #39571.—*
*126   2000                  36480.—*

00001

CURRENT INCOME AND INCOME FOR 12 MONTHS FROM
JULY 1, 2001 TO JUNE 30, 2002                       SEPTEMBER 23, 2002

0070062 VOUCH VENDOR: 076545 BKLN7 FORM 0030
WILLIAMS, BEVERLY                INSPECTION CODE: P
400 RUGBY RD APT: 1E
BROOKLYN, NEW YORK 11226

The Authority may ask for proof of all statements made by you. Failure to return your Affidavit by the date shown above or other unreasonable delay, or wilful submission of false information, or omission of information may result in termination of subsidy from the Authority.

SEE OTHER SIDE FOR INSTRUCTIONS FOR SECTIONS E,F,&G. IF ADDITIONAL SPACE IS NEEDED TO COMPLETE FORM, USE BACK OF SHEET.

Home Telephone No. _____  Office Telephone No. _____

EVERY QUESTION MUST BE ANSWERED — PRINT OR TYPE ALL INFORMATION REQUIRED

### A. FAMILY COMPOSITION: LIST ALL PERSONS LIVING IN APARTMENT

| Name | Relationship | Social Security No. | Age | Employed Yes/No | School Name - Present Occupation or Type of Work |
|---|---|---|---|---|---|
| Williams, Beverly | Self | 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 | 50 | Yes | College (NYCTC) |
| Williams, Michael | Son | 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 | 19 | Yes | College (Morehouse) |

### B. EMPLOYMENT AND INCOME: For each wage earner, list all current employment and employment during last 12 months.

| Full Name of Each Employed Person | Total Earned in Past 12 mos. (See instructions) | Present Rate of Pay (Gross) | Name & Address of Present Employers (list last year's employers on back, if different) |
|---|---|---|---|
| Beverly Williams | $ | $90.00 Per day | Mrs. Chrinka, 275 River Rd. Bogota, NJ 07603 |
| | $ | $ Per | |
| | $ | $ Per | |

### C. OWN BUSINESS: Does any person in the apartment own a business or have a partial interest in one? [X] No  [ ] Yes ____%owne

If yes, complete below for the period listed at the top of this page.

| Name of Person | Gross Receipts | Profits | Personal Drawings | Name and Address of Business |
|---|---|---|---|---|
| | $ | $ | $ | |

### D1. OTHER CURRENT INCOME of all persons living in apartment — Check and Fill in Details below:

[ ] Welfare, give case # ____  [ ] Supp. Sec. Inc.(SSI)  [ ] Soc. Sec.  [ ] Workmen's Comp.  [ ] Military Allotment
[ ] Pension  [ ] Tips  [ ] Contributions  [ ] Veterans Adm.  [ ] Unemployment Insurance  [ ] Bonus  [ ] Other(Specify below)

| Source | Name of Person Receiving Income | Dates From/To | Amount |
|---|---|---|---|
| | | / | $ per |
| | | / | $ per |
| | | / | $ per |

D2. Complete attached DECLARATION OF ASSETS for the past 12 months.

**TENANT CERTIFICATION TO BE SIGNED BY HEAD OF HOUSEHOLD OR OTHER PERSONS WHO SIGNED LEASE**

I certify the information given to The New York City Housing Authority on household composition, income, net family assets, and allowances and deductions is accurate and complete to the best of my knowledge and belief. I also certify that the dwelling unit listed in this Affidavit of Income is used solely for residence by the family and is the principal place of residence for all members of the family listed in Section A. I further certify that all Employment Certifications or statements from employers which I have submitted as part of this Affidavit of Income have been completed and signed by the employer or an authorized representative of the employer.
I also understand that false statements or information are grounds for termination of housing assistance. Further, I have read or have had read to me the above statement.

00091

Beverly Williams    Aug. 27, 02
Signature           Date           Signature           Date

WARNING: Wilful false statements or misrepresentation are a criminal offense under Section 1001 of title 18 of the U.S. Code

0070062 VOUCH VENDOR: 07654 BKLN7 FORM FBK051

| EMPLOYMENT CERTIFICATION LEASED HOUSING—SECTION 8 | NEW YORK CITY HOUSING AUTHORITY LEASED HOUSING MANAGEMENT 350 Livingston Street—4th Floor — Brooklyn, N.Y. 11217 | PAGE 2 |
|---|---|---|

**TO EMPLOYER:**

The person from whom you received this form is receiving Section 8 Housing Assistance. Regulations require that income be checked at least once a year. If this person is now employed by your firm, or was so employed during the last 12 months, would you kindly furnish the information requested below and return the form to the employee or former employee. This form should be filled out by a person responsible for employee payroll records.

Thank you for your cooperation.

NEW YORK CITY HOUSING AUTHORITY

Name of Employee **Beverly Williams**   Social Security No. **261 64 3094**

Home Address **1200 Rugby Rd. Bklyn NY 11226 1B**

Date Employment Began **Sept 20, 99**   Date Terminated **presently still working**

Occupation, or Type of Work Done **Housework**   Straight Hours Worked Per Week **16 hours/wk**
                                                                                  **2 days/week**

Current Rate of Pay $ **90.00**   Per **day**   Since **Aug 1, 01**

List in spaces below, rates of pay for last 12 months:

Previous Rate of Pay $ **90.00**   Per **day**   Since **Sept 20, 99**

Previous Rate of Pay $ _____   Per _____   Since _____

**SUMMARY OF EARNINGS***
(Please give gross payroll figures for four latest complete quarters)

| 3RD QUARTER – 2001 | $ 1,920.00 |
| 4TH QUARTER – 2001 | $ 1,920.00 |
| 1ST QUARTER – 2002 | $ 1,920.00 |
| 2ND QUARTER – 2002 | $ 1,920.00 |
| TOTAL | $ |

*NOTE: In the case of taxicab drivers please differentiate between income from commissions and income from other sources.

Firm Name **Private Home**   (Please use firm stamp if available) Phone # _____

Address **275 River Rd Bogota New Jersey 07603**   Nature of Business _____

The information furnished above is in accordance with our business records

Signature of Employer or Authorized Representative **Diane McCheskie**   Official Position **Head of Household**   Date **Aug 26, 02**

00093

## AFFIDAVIT OF INCOME (Cont'd)

If you believe you have been discriminated against, you may call the Fair Housing Equal Opportunity National Toll-free line at 800-424-8590.

E. Give name, address and telephone number of nearest relative or friend in New York City area who can be contacted in an emergency.

| NAME | ADDRESS | TEL. NO. | RELATIONSHIP |
|------|---------|----------|--------------|
|      |         |          |              |

### F. EMPLOYMENT

| FIRST NAME OF PERSON EMPLOYED | DATES EMPLOYED FROM | DATES EMPLOYED TO | WEEKLY HOURS OF WORK | RATE OF PAY | NAMES AND ADDRESSES OF EMPLOYERS (List each employer separately) | TOTAL EARNED DURING PAST 12 MOS. INCL. OVERTIME |
|---|---|---|---|---|---|---|
| Buddy | Sept 99 | Present | 16 hrs. | $90.00 Per day From Sept 99 present | NAME Dian M. Chimble ADDRESS 275 Rayer Rd Bogota, NJ 07603 | Sept 99 + Present 690.00 2 days/we |
|  |  |  |  | $ Per From To | NAME ADDRESS |  |
|  |  |  |  | $ Per From To | NAME ADDRESS |  |
|  |  |  |  | $ Per From To | NAME ADDRESS |  |

### G. Unreimbursed Medical Expenses or Child Care Expense

A. Unreimbursed medical expenses may be deducted for an elderly family, whose head or spouse is 62 years of age or older, if they exceed 3% of annual income. Unreimbursed medical expenses may likewise be deducted to the extent that they exceed 3% of annual income, for a family whose head or spouse is disabled or handicapped as defined by law. You must submit verification of all medical expenses incurred during the period on the front of the Affidavit, together with reimbursement received.

B. Child Care Expenses, defined as the amount paid by the family for the care of children under 13 years of age, where such care is necessary to enable a family member to be gainfully employed or to further his or her education, may also be deducted. You must submit verification of all such expenses.

If you believe that you qualify for either unreimbursed medical expense or Child Care expense as noted above, complete the following:

#### MEDICAL EXPENSE                                CHILD CARE

| NAME | TOTAL MEDICAL EXPENSE | REIMBURSEMENT RECEIVED | BALANCE | NAME | AMOUNT |
|------|----------------------|-----------------------|---------|------|--------|
|      | $                    | $                     | $       |      | $      |
|      | $                    | $                     | $       |      | $      |

(If additional space is needed to complete any section of this Affidavit, please use the space below.)

00092

| NYCHA 059.217 (Rev 5/04) AFFIDAVIT OF NON-EMPLOYMENT | NEW YORK CITY HOUSING AUTHORITY LEASED HOUSING DEPARTMENT |
|---|---|

Beverly Williams
_Name_

Voucher #: 0070062

4000 Rugby Rd. 1E
_Address & Apt. No._

Bklyn   NY   11226
_City_   _State_   _Zip Code_

I am not employed and have not been employed since (date) June, 04.

I am not receiving unemployment insurance benefits and do not intend to apply for them.

I do not expect to become employed because I am attending school, and I am receiving public assistance.

My last employer was Dian Chumble,

whose address is 275 River Road, Bogota, NJ.

I stopped working because the employer relocated to another state.

My Social Security number is 266 49 3094

Oct-13, 04
_Date_

Beverly Williams
_Signature_

Sworn to before me this 15 day of Oct, 20 04.

_Signature_
KAMAL P. SONI
Notary Public, State Of New York
No. 01SO6089949
Qualified In Kings County
Commission Expires March 31, 2007

FORM ARD080

00112

350 LIVINGSTON ST 4TH FL
BROOKLYN, NEW YORK 11217

**VERIFICATION OF EMPLOYMENT**

Voucher # 0010062

Date: _____

Employee's Name: _Beverly Williams_            Social Security # _____
Address: _____ Apt# _____ Boro/Zip Code: _____

To Employer:

The person from whom you received this form is receiving Section 8 Housing Assistance. Regulations require that income be checked at least once a year. If this person is now employed by your firm, or was so employed during the last 12 months, would you kindly furnish the information requested below and return the form to the employee or former employee. This form should be filled out by a person responsible for employee payroll records.

Thank you for your cooperation.

**(PLEASE PRINT OR TYPE)**

**EMPLOYMENT DATA**

Name of Employee _____
Home Address _____    Social Security Number _____
                                       Apt# _____ Boro/Zip _____
Date Employment Began _____    Date Employment Terminated _____
Occupation, or Type of Work Done _____    Straight Hours Worked Per Week _____
Current Rate of Pay $ _____ Per _____ Since _____

List in spaces below rates of pay for past 12 months:
Previous Rate of Pay $ _____ Per _____ Since _____
Previous Rate of Pay $ _____ Per _____ Since _____

**SUMMARY OF EARNINGS**

(Please give gross payroll figures, including commissions & overtime, for the four (4) quarters indicated below)

|  | Last Year | This Year |
|---|---|---|
| 1ST QUARTER | | $ |
| 2ND QUARTER | | $ |
| 3RD QUARTER | $ | |
| 4TH QUARTER | $ | |
| TOTAL | $ | $ |

Company Name: _____
                                       Telephone # _____
Address: _____
                                       City/Zip Code _____
Email Address: _____
                                       Nature of Business _____

Name & Title of Person Supplying Information (Please Print and Sign) _____    Date: _____

**PLEASE USE COMPANY SEAL IF AVAILABLE**

00114